UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TANIA GALARZA,

                Plaintiff,

v.

SMILEDIRECTCLUB, LLC, HEALTHCARE FINANCE DIRECT, LLC, PERIODONTAL SPECIALISTS, INC., and ERIC GUIRGUIS, D.D.S.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. _____

## NOTICE OF REMOVAL

Defendants SmileDirectClub LLC ("SDC"), Healthcare Finance Direct, LLC ("HFD"), Periodontal Specialists, Inc. ("PSI"), and Eric Guirguis, D.D.S. ("Dr. Guirguis") (collectively, "Defendants") give notice under 28 U.S.C. §§ 1332, 1441, and 1446 that this case is removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York. As grounds for this removal, Defendants represent:

1. On September 15, 2021, Plaintiff Tania Galarza ("Plaintiff" or "Galarza") commenced an action against Defendants in the Supreme Court for the State of New York, County of Kings, captioned *Tania Galarza v. SmileDirectClub, LLC, et al.*, Index No. 523538/2021 (the "State Court Action"). The Summons and Verified Complaint in the State Court Action are attached to this Notice of Removal as **Exhibit A**.

2. Plaintiff has not served any of Defendants with the Summons and Verified Complaint.

3. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed before service of the Summons and Verified Complaint.

4. Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a).

5. Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over any civil action in which the matter in controversy exceeds $75,000.00 and is between citizens of different states.

6. Removal of the State Court Action is proper here because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees. Specifically:

   a. Plaintiff is an individual domiciled in Staten Island, New York. Thus, at the commencement of the State Court Action, Plaintiff was a citizen of New York and remains so today.

   b. SDC is a single member Delaware limited liability company wholly owned by SDC Financial, LLC. SDC Financial, LLC is also a Delaware limited liability company with several members. One of SDC Financial, LLC's members is SmileDirectClub, Inc., a Delaware corporation with its principal place of business in Nashville, Tennessee. SDC Financial, LLC's other members are individuals who are citizens of Michigan, Florida, Illinois, and Tennessee. Thus, at the commencement of the State Court Action, SDC was a citizen of Delaware, Tennessee, Michigan, Florida, and Illinois and remains so today.

   c. HFD is a California limited liability company with its principal place of business in Bakersfield, California. All the members of HFD are individuals who are citizens of California. Thus, at the commencement of the State Court Action, HFD was a citizen of California and remains so today.

d. PSI is an Ohio corporation with its principal place of business in Elyria, Ohio. Thus, at the commencement of the State Court Action, PSI was a citizen of Ohio and remains so today.

e. Dr. Guirguis is an individual domiciled in Westlake, Ohio. Thus, at the commencement of the State Court Action, Dr. Guirguis was a citizen of Ohio and remains so today.

f. Although Plaintiff has not specified a monetary demand in the Verified Complaint, the State Court Action contains causes of action for negligence, malpractice, and violations of the New York Deceptive Practices Act in connection with dental work allegedly performed by Defendants, which Plaintiff alleges has resulted in "permanent damage injuries, pain, suffering, and special damages." *See* Ex. A, Compl. ¶ 34. Plaintiff's Verified Complaint also claims that Defendants' "care and treatment" of Plaintiff: caused "the structure of the mouth of plaintiff…to become weakened"; permitted "plaintiff to lose the support of teeth…"; and failed to "preserve the teeth, gums and bone structure of the mouth of the plaintiff," among other things. *Id*. Defendant denies these allegations and maintains that Plaintiff's claims are entirely without merit. Nonetheless, for purposes of diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Given the alleged injuries, along with the fact that Plaintiff asserts ten separate causes of action for money damages, it is plausible that a jury could award Plaintiff over

$75,000.00 in damages. Additionally, if Plaintiff's alleged injuries are causally related to Defendants' treatment, jury verdicts in cases alleging similar injuries suggest that a jury could plausibly award Plaintiff more than $75,000.00 in damages. Thus, the amount in controversy exceeds the $75,000.00 jurisdictional threshold.

7. Under 28 U.S.C. §1446(a), the State Court Action is properly removable to this Court because it is within this Court's district and division. The Supreme Court of the State of New York, County of Kings is in the Eastern District of New York. *See* 28 U.S.C. § 112(b). Thus, the State Court Action may be removed to this Court under 28 U.S.C. §§ 1441(a) and 1446(a).

8. All process, pleadings, and orders that have been filed in the State Court Action are attached as **Exhibit A**, specifically Plaintiff's Summons and Verified Complaint.

9. Before filing this Notice of Removal, none of Defendants served any answer or pleading in the State Court Action.

10. Under 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will promptly be filed with the State Court, and a written notice of this removal will promptly be served on Plaintiff. The Notice of Filing of the Notice of Removal to be filed in the State Court Action is attached as **Exhibit B**.

11. In compliance with Fed. R. Civ. P. 7.1, Defendant PSI is contemporaneously filing herewith its Corporate Disclosure Statement.

12. Defendants reserve all defenses, including, but not limited to, those under Fed. R. Civ. P. 12, and Defendants do not waive said defenses by the filing of this Notice of Removal.

WHEREFORE, Defendants remove the above-captioned action from the State Court to the United States District Court for the Eastern District of New York.

Dated: New York, New York
December 17, 2021

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: */s/ Edward C. Wipper*
Edward C. Wipper (EW 6140)
17 State Street, Suite 4000
New York, New York 10004
T: (646) 593-7051
F: (646) 798-8902
E: EWipper@beneschlaw.com

Deana S. Stein (DS 5047)
200 Public Square, Suite 2300
Cleveland, Ohio 44114
T: (216) 363-6170
F: (216) 363-4588
E: dstein@beneschlaw.com

*Attorneys for Defendants*