# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
TANIA GALARZA,

                Plaintiff,

      -against-

SMILEDIRECTCLUB, LLC, HEALTHCARE
FINANCE DIRECT, LLC., PERIODONTAL,
SPECIALISTS, INC., and ERIC GUIRGUIS, D.D.S.,

                Defendants.
-----------------------------------------------------------------X

**SUMMONS**

Index No.:
Date Filed:

Plaintiff Designates
KINGS County as the
Place of Trial

The Basis of the Venue
is place of occurrence

Plaintiff resides at: 16 McLaughlin Street, Staten Island, New York 10305

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY REQUIRED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default of the relief demanded in the complaint.

Dated: Staten Island, New York
      September 15, 2021

**TO: SMILEDIRECTCLUB, LLC**
    414 Union Street - 8th Floor
    Nashville, TN. 37219-1757

**HEALTHCARE FINANCE DIRECT
                    LLC**
    1707 Eye Street - Suite 300
    Bakersfield, California 93301

**PERIODONTAL SPECIALISTS, INC.**
    1212 Abbe Road North - Suite A
    Elyria, Ohio 44035

**ERIC GUIRGUIS, D.D.S.**
    work: c/o Periodontial Specialists, Inc. 1212 Abbe Road North, Ste. A, Elyria, Ohio 44035
    residence: 1545 Roseland Way, Westlake, Ohio 44145-2541

Yours, etc.,

LUTFY & SANTORA

*/s/ James Lutfy*
JAMES L. LUTFY
Attorneys for Plaintiff
Office & P.O. Address
1405 Clove Road
Staten Island, New York 10301
(718) 442-2272

**LUTFY & SANTORA** * 1405 CLOVE ROAD * STATEN ISLAND, NEW JERSEY 10301

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
TANIA GALARZA,

                      Plaintiff,

    -against-

SMILEDIRECTCLUB, LLC, HEALTHCARE
FINANCE DIRECT, LLC, PERIODONTAL
SPECIALISTS, INC., and ERIC GUIRGUIS,
D.D.S.,

                      Defendants.
------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No:

Date Filed:

        Plaintiff, by her attorneys, LUTFY & SANTORA, complaining of the defendants, hereinafter alleges upon information and belief, and at all times relevant hereto, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

        1. Plaintiff, TANIA GALARZA, has resided at 16 McLaughlin Street, Staten Island, New York 10305.

        2. As a result of the COVID-19 pandemic, on or about March 7, 2020 Gov. Cuomo placed the State of New York "on pause," and issued a series of executive orders which placed a toll upon the Statute of Limitations in New York State.

        3. The executive orders issued were 202.8, 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, and 202.67 which provided a toll on the statute of limitations to November 3, 2020.

        4. As a consequence, the within action is timely and no portion of the treatment provided by defendants to plaintiff, as hereinafter stated, is barred by the Statute of Limitations.

        5. Defendant SMILEDIRECTCLUB, LLC (hereinafter referred to as "CLUB"), was and still is a "member-managed" foreign limited liability company duly organized under and existing by virtue of the laws of the State of Tennessee, and has a principal place of business located at 414 Union Street, 8th Floor, Nashville, Tennessee 37219-1757.

        6. Defendant, CLUB, transacts business within the State of New York.

        7. Defendant, CLUB, was and still is authorized to transact business within the State of New York.

8. Defendant, CLUB, regularly does business, and/or solicits business and/or engages in a persistent course of conduct within the State of New York.

9. Defendant, CLUB, derives substantial revenues from goods used and/or consumed in the State of New York.

10. Defendant, CLUB, is in the business of delivering clear orthodontic aligners directly to consumers designed to straighten teeth.

11. Defendant, CLUB, delivers clear orthodontic aligners to consumers via operation of what is known as SmileDirectClub "Smileshop" or "SDC Smileshop." [hereinafter referred to herein as "SDC Smileshop."].

12. Defendant, CLUB, owned and operated an SDC Smileshop located at 525 Atlantic Avenue, Brooklyn, New York 11217.

13. Defendant, CLUB, owned and operated an SDC Smileshop located at 1553 Forest Avenue, Staten Island, New York 10302.

14. Defendant, CLUB, was engaged in the business of manufacturing, preparing, formulating, buying, selling, testing, inspecting, packaging, marketing or distributing clear orthodontic aligners to consumers.

15. Defendant, CLUB, while engaged in its regular business activities, did manufacture or distribute clear orthodontic aligners.

16. Between January 21, 2019 through June 2020, defendant, CLUB, while engaged in its regular business activities, did sell or distribute clear orthodontic aligners to plaintiff, TANIA GALARZA.

17. Defendant, HEALTHCARE FINANCE DIRECT, LLC (hereinafter referred to here as 'FINANCE"), was and still is a foreign limited liability company, duly organized under and existing by virtue of the laws of the State of California, with a principal place of business located at 1707 Eye Street, Suite 300, Bakersfield, California 93301.

18. Defendant, FINANCE, transacts business within the State of New York.

19. Defendant, FINANCE, was and still is authorized to transact business within the

State of New York.

20. Defendant, FINANCE, regularly does business, and/or solicits business and/or engages in a persistent course of conduct within the State of New York.

21. Defendant, FINANCE, derives substantial revenues from goods used and/or consumed in the State of New York.

22. Defendant, PERIODONTAL SPECIALISTS, INC., (hereinafter referred to herein as "SPECIALISTS,") was and still is a foreign corporation, duly organized under and existing by virtue of the laws of the State of Ohio, with a principal place of business located at 1212 Abbe Road North, Suite A, Elyria, Ohio 44035.

23. Defendant, SPECIALISTS, transacts business within the State of New York.

24. Defendant, SPECIALISTS, was and still is authorized to transact business within the State of New York.

25. Defendant, SPECIALISTS, regularly does business, and/or solicits business and/or engages in a persistent course of conduct within the State of New York.

26. Defendant, SPECIALISTS, derives substantial revenues from goods used and/or consumed in the State of New York.

27. Defendant, ERIC GUIGUIS, D.D.S., (hereinafter referred to herein as "ERIC"), was and still is a dentist duly licensed to practice dentistry in the State of Ohio, and has an office for the practice of dentistry located at c/o Periodontal Specialists, Inc., 1212 Abbe Road North, Suite A, Elyria, Ohio 44035.

28. Defendant, ERIC, resides at 1545 Roseland Way, Westlake, Ohio 44145-2541.

29. Defendant, ERIC, is an owner, partner, director, or officer of defendant SPECIALISTS.

30. Defendant, ERIC, held himself as a dentist duly qualified in dentistry.

31. At some time prior to January 2019, defendant SPECIALISTS contracted with defendant CLUB to provide review, professional guidance and dental care to consumers who enrolled or contracted for CLUB's direct to consumer clear aligners and orthodontics.

32. At some time prior to January 2019, defendant ERIC contracted with defendant CLUB, to provide review, professional guidance and dental care to consumers who enrolled or contracted for CLUB's direct to consumer clear aligners and orthodontics.

33. Between January 21, 2019 through June 2020, plaintiff, TANIA GALARZA, came under the dental care of defendants CLUB, SPECIALISTS, and ERIC for a continuous course of dental treatment.

34. The defendants CLUB, SPECIALISTS, and ERIC, their agents, servants, dentists, and/or employees were negligent and guilty of dental malpractice in that they failed to render to the plaintiff, TANIA GALARZA, proper dental care; in causing, suffering and permitting improper and inadequate dental care to be rendered to the plaintiff, TANIA GALARZA; by not referring the plaintiff to a prosthodontist or an orthodontist; in deviating and departing from good and accepted standards of dental, periodontal, restorative, and general care and treatment of the plaintiff, TANIA GALARZA; by taking insufficient measures to preserve the bone, teeth, and gums of the plaintiff, TANIA GALARZA; by providing the plaintiff with the insufficient dental, periodontal, restorative, and general surgical care and/or treatment, which said plaintiff's condition required; by taking insufficient x-rays; by having inadequate records; by failing to inform the plaintiff of the reasonable risks and alternatives of the proposed treatment; in failing to properly chart said plaintiff's periodontal disease, mobility, number of fillings, areas of decay, cavities; by taking insufficient medical and dental history; by taking insufficient diagnostic x-rays; by performing inadequate charting of the teeth, and performing insufficient probing; in causing, allowing and permitting said plaintiff's dental, periodontal, restorative, and general dental condition to become, be, and remain insufficiently cared for and treated; in permitting the structure of the mouth of the plaintiff, TANIA GALARZA, to become weakened; by providing substandard orthodontics; by failing to properly prepare aligners; by committing gross negligence; by failing to take precautions to protect the plaintiff; by lacking sufficient knowledge, skill, education, training, experience, and expertise to treat the plaintiff; by failing to refer the plaintiff to an orthodontist; in permitting the plaintiff to lose the support of teeth required for an abutment; by providing negligent restorative treatment; by failing to recommend a more conservative

treatment plan; by failing to inform the plaintiff, TANIA GALARZA of the risks and alternatives of the treatment; by ignoring her signs and symptoms; by taking insufficient steps to preserve the teeth, gums and bone structure of the mouth of the plaintiff, TANIA GALARZA; by failing to take a cephlatomic x-ray; in departing from the good and accepted standards of dental care and practice in the care, treatment and management of the plaintiff, TANIA GALARZA; by rendering care contrary to the accepted standards of dental, orthodontic and restorative care existing in the community and elsewhere; and that the defendants were guilty of malpractice in other respects. The plaintiff also alleges the doctrine of res ipsa loquitur.

35. As a result of the negligence and malpractice of the defendants CLUB, SPECIALISTS, and ERIC and their agents, as aforesaid, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

36. The foregoing negligence on the part of the defendants CLUB, SPECIALISTS, and ERIC and their agents was a substantial factor in causing the injuries to the plaintiff, TANIA GALARZA.

37. The defendant, CLUB, is vicariously liable for the reckless and negligent acts and omissions of defendants, SPECIALISTS and ERIC, and for SPECIALIST'S and ERIC'S failure to obtain an informed consent from the plaintiff, TANIA GALARZA.

38. The defendant, SPECIALISTS, is vicariously liable for the reckless and negligent acts and omissions of defendant, ERIC, and for ERIC'S failure to obtain an informed consent from the plaintiff, TANIA GALARZA.

39. This action falls within one or more of the exceptions set forth in CPLR 1602, because the defendants, CLUB, SPECIALISTS, and ERIC were reckless and because CLUB and SPECIALISTS are vicariously liable for ERIC.

40. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "40" inclusive of this complaint.

42. The defendants CLUB, SPECIALISTS, and ERIC failed to inform the plaintiff of the reasonable risks, complications, alternatives to, consequences, cost, and danger of the care, treatment and procedures that the defendants undertook to perform, and failed to inform the plaintiff of the reasonable risks and alternatives of all reasonable alternatives and the treatment applicable to plaintiff's condition.

43. Had the plaintiff, TANIA GALARZA, known of the nature and extent of the conditions and reasonable risks of the extractions, and had plaintiff known of the reasonable alternatives and the risks and benefits of all reasonable options, and methods of treatment, plaintiff would have chosen another method of treatment, treatment by a prosthodontist, an orthodontist or more experienced general dentist to avoid the worsening and deterioration of her condition and the risks inherent in the procedures performed by the defendants CLUB, SPECIALISTS, and ERIC.

44. A reasonably prudent person in the plaintiff's position would not have undergone the treatment if she had been fully informed by the defendants and their agents.

45. The lack of informed consent was a proximate cause of the injury or condition for which recovery is sought.

46. By reason of the foregoing, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

47. The foregoing negligence on the part of the defendants CLUB, SPECIALISTS, and ERIC and their agents was a substantial factor in causing the injuries to the plaintiff, TANIA GALARZA.

48. The defendant, CLUB, is vicariously liable for the reckless and negligent acts and omissions of defendants, SPECIALISTS and ERIC, and for SPECIALIST'S and ERIC'S failure to obtain an informed consent from the plaintiff, TANIA GALARZA.

49. The defendant, SPECIALISTS, is vicariously liable for the reckless and negligent acts and omissions of defendant, ERIC, and for ERIC'S failure to obtain an informed consent from the plaintiff, TANIA GALARZA.

50. This action falls within one or more of the exceptions set forth in CPLR 1602, because the defendants, CLUB, SPECIALISTS, and ERIC, were reckless and because CLUB and SPECIALISTS are vicariously liable for ERIC.

51. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "51," inclusive of this Complaint.

53. The defendants, CLUB, SPECIALISTS, and ERIC, failed to communicate significant findings to the plaintiff.

54. The aforesaid defendants' failure to communicate significant findings to the plaintiff was ordinary negligence, and was a substantial factor in causing injuries to the plaintiff.

55. By reason of the foregoing, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

56. The defendant, CLUB, is vicariously liable for the reckless and negligent acts and omissions of defendants, SPECIALISTS and ERIC, and for SPECIALIST'S and ERIC'S failure to obtain an informed consent from the plaintiff, TANIA GALARZA.          57. The defendant, SPECIALISTS, is vicariously liable for the reckless and negligent acts and omissions of defendant, ERIC, and for ERIC'S failure to obtain an informed consent from the plaintiff, TANIA GALARZA.

58. This action falls within one or more of the exceptions set forth in CPLR 1602, because the defendants, CLUB, SPECIALISTS, and ERIC, were reckless and because CLUB and SPECIALISTS are vicariously liable for ERIC.

59. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

60. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "59," inclusive of this Complaint.

61. Defendants CLUB and FINANCE engaged in consumer oriented business practices which were misleading to consumers, including the plaintiff, TANIA GALARZA, in violation of General Business Law §349.

62. Defendants CLUB and FINANCE made deceptive acts or practices in the conduct of its service business within the State of New York to the plaintiff, TANIA GALARZA.

63. Defendants CLUB and FINANCE, represented to plaintiff, in a deceptively material way, that she would be treated and overseen by an appropriate dental professional for the duration of her care by CLUB.

64. The dental professional assigned to plaintiff's care by defendants CLUB and FINANCE was the defendant, ERIC, who had no background, skill, or training in orthodontics.

65. Defendants CLUB and FINANCE injured the plaintiff, TANIA GALARZA, by their deceptive acts or practices and by their violation of General Business Law §349.

66. By reason of the foregoing, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

67. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and is entitled to attorneys' fees.

**LUTFY & SANTORA** * 1405 CLOVE ROAD * STATEN ISLAND, NEW JERSEY 10301

## AS AND FOR A FIFTH CAUSE OF ACTION

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "67," inclusive of this Complaint.

69. Defendants CLUB and FINANCE engaged in consumer oriented advertising for their respective businesses, which was misleading and deceptive in a material way, to consumers, including the plaintiff, TANIA GALARZA, in violation of General Business Law §350.

70. The aforesaid deceptive and misleading advertising and omissions by defendants CLUB and FINANCE were likely to induce a consumer, like the plaintiff, TANIA GALARZA, to do business with defendants, CLUB and FINANCE.

71. Plaintiff, TANIA GALARZA, acted reasonably under the circumstances, when she responded to the aforesaid deceptive and misleading advertising proffered by defendants CLUB and FINANCE.

72. The aforesaid deceptive and misleading advertising by defendants CLUB and FINANCE, as aforesaid, had an impact on consumers at large, including the plaintiff, TANIA GALARZA.

73. Defendants CLUB and FINANCE injured the plaintiff, TANIA GALARZA, by their deceptive and misleading advertising and by their violation of General Business Law §350.

74. By reason of the foregoing, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

75. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and is entitled to attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "75," inclusive of this Complaint.

77. Plaintiff, TANIA GALARZA, entered into a contract with defendants CLUB and FINANCE on or about January 21, 2019.

78. Defendants CLUB and FINANCE, guaranteed and promised to plaintiff, TANIA GALARZA, that the process of straightening her teeth would be finished within five (5) months, and that she would have straight teeth.

79. The treatment did not end within five (5) months as promised, and the plaintiff, TANIA GALARZA, was left with misaligned and damaged teeth and occlusion, as a result of the contracted services.

78. Defendants CLUB and FINANCE breached their contract with plaintiff, TANIA GALARZA.

79. By reason of the foregoing, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

80. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SEVENTH CAUSE OF ACTION

81. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "80," inclusive of this Complaint.

82. The defendant, CLUB, its agents, servants and/or employees, negligently manufactured, prepared, formulated, sold, tested, inspected, marketed, packaged, or distributed the aforesaid clear orthodontic aligners product, as hereinafter stated.

83. The defendant, CLUB, its agents, servants and/or employees were negligent and careless in that the aforesaid clear orthodontic aligners product, as manufactured, prepared or formulated, was an inherently dangerous orthodontic device, which in the hands of consumers without significant orthodontic oversight by a properly credentialed professional was dangerous and unfit for the purposes for which it was intended; in failing to correct the preparation and formulation of said clear orthodontic aligners which said defendant knew, or in good faith should have determined, was dangerous; in failing to conduct adequate testing or inspection of the aforesaid clear orthodontic aligners; in failing to warn or adequately warn the public, in general, and the plaintiff, TANIA GALAZRA, in particular, of the dangers attendant to the use of said clear orthodontic aligners; in

**LUTFY & SANTORA** * 1405 CLOVE ROAD * STATEN ISLAND, NEW JERSEY 10301

failing to warn or adequately warn the public, in general, and the plaintiff, in particular, that the aforesaid orthodontic clear aligners need to have orthodontic oversight by a properly credentialed professional; in failing to provide proper and adequate warnings and labeling; in negligently manufacturing and formulating said clear orthodontic aligners; in creating the conditions that brought about the injuries suffered by the plaintiff, TANIA GALARZA, and in generally being reckless and careless.

84. By reason of the foregoing, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

85. The limitations of liability set forth in Article 16 of the CPLR do not apply to this cause of action.

86. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, and is entitled to attorneys' fees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

87. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "87," inclusive of this Complaint

88. Defendant, CLUB, expressly warranted to the public and to purchasers and others of the aforesaid clear orthodontic aligners, in general, and to the plaintiff, TANIA GALARZA, in particular, that said clear orthodontic aligners were fit for its intended use, was of merchantable quality, and would not harm or injure users when used in a foreseeable manner.

89. On or before January 21, 2019, in order to induce plaintiff, TANIA GALARZA, to purchase the aforesaid clear orthodontic aligners product, defendant CLUB expressly warranted that the aforesaid clear orthodontic aligners was safe and fit for its intended use, was of merchantable quality, and would not harm or injure the user or others exposed to its use when used in a foreseeable manner.

90. On or before January 21, 2019, defendant CLUB, expressly warranted that the aforesaid clear orthodontic aligners product, as formulated and prepared was safe and fit for its

intended use, was properly formulated and prepared, was of merchantable quality, and that the installation of the clear orthodontic aligners would not result in dental injury when used in a foreseeable manner.

91. Plaintiff, TANIA GALARZA, relied upon said express warranties and purchased and used the aforesaid clear orthodontic aligners product manufactured by defendant CLUB.

92. The express warranties and representations made by defendant CLUB, were false, misleading, and inaccurate.

93. Said warranties were breached and violated by the defendant, CLUB, in that the aforementioned clear orthodontic aligners product, when put to the test of actual use, was, and proved to be unsafe and unfit for its intended use, was not of merchantable quality, was inherently dangerous as formulated and prepared, and did not include adequate, necessary or proper warnings.

94. By reason of the foregoing, and by reason of the breach of express warranties as aforesaid, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

95. The limitations of liability set forth in Article 16 of the CPLR do not apply to this cause of action.

96. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, and is entitled to attorneys' fees.

## AS AND FOR A NINTH CAUSE OF ACTION

97. Plaintiff repeats each and every allegation contained in paragraphs numbered "1" through "96", inclusive of this Complaint.

98. Defendant, CLUB, impliedly warranted to purchasers and users of the aforesaid clear orthodontic aligners product that the said clear orthodontic aligners product was safe and fit for its intended use, was of merchantable quality, and would not harm or injure the user or others exposed to its use when used in a foreseeable manner.

99. Defendant, CLUB, impliedly warranted to purchasers and users of the aforesaid clear orthodontic aligners product, and to plaintiff, TANIA GALARZA, in particular, that the said clear orthodontic aligners product was safe and fit for its intended use, was of merchantable quality, and would not harm or injure the user or others exposed to its use when used in a foreseeable manner.

100. On or before January 21, 2019, in order to induce plaintiff, TANIA GALARZA, to purchase the aforesaid clear orthodontic aligners, defendant, CLUB, impliedly warranted that the clear orthodontic aligners product was safe and fit for its intended use, was of merchantable quality, and would not harm or injure the user or others exposed to its use when used in a foreseeable manner.

101. Plaintiff, TANIA GALARZA, relied upon said implied warranties and purchased and used said clear orthodontic aligners manufactured and distributed by defendant CLUB..

102. The implied warranties and representations made by defendant, CLUB, were false, misleading and inaccurate.

103. Said warranties were breached and violated by the defendant, CLUB, in that the aforementioned clear orthodontic aligners, when put to the test of actual use, was and proved to be unsafe and unfit for its intended use, was not of merchantable quality, was inherently dangerous as formulated and prepared, and did not include adequate, necessary or proper warnings.

104. By reason of the foregoing, and by reason of the breach of implied warranties, as aforesaid, plaintiff, has sustained permanent injuries, pain, suffering, and special damages.

105. The limitations of liability set forth in Article 16 of the CPLR do not apply to this cause of action.

106. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, and is entitled to attorneys' fees.

### AS AND FOR A TENTH CAUSE OF ACTION

107. Plaintiff repeats each and every allegation contained in paragraphs numbered "1" through "106", inclusive of this Complaint.

108. On or before January 21, 2019, the aforesaid clear orthodontic aligners was defective, unsafe and presented a danger to the public, in general, and to the plaintiff, TANIA GALARZA, in particular, in that: (a) it was improperly manufactured, prepared, formulated, bought, sold, tested, inspected, marketed, distributed, packaged, and utilized by the defendants, and (b) it did not contain and was not supplied, distributed, packaged or utilized by the defendants with proper and adequate warnings, instructions and recommendations regarding its dangers and defects.

109. Plaintiff, TANIA GALARZA, could not by the exercise of reasonable care have discovered the defects and dangers relating to the dangerous characteristics of the aforesaid clear orthodontic aligners.

110. The aforementioned clear orthodontic aligners product was used for the purpose normally intended.

111. The plaintiff, TANIA GALARZA, acted in a manner reasonably foreseeable and normally intended.

112. The dangerous and defective condition of the aforesaid clear orthodontic aligners product was a substantial factor in causing the personal injuries to injuries to the plaintiff, TANIA GALARZA.

113. By reason of the foregoing, the defendants are strictly liable in tort to the plaintiff, TANIA GALARZA.

114. By reason of the foregoing, plaintiff, TANIA GALARZA, has sustained permanent injuries, pain, suffering, and special damages.

115. The limitations of liability set forth in Article 16 of the CPLR do not apply to this cause of action.

116. By reason of the foregoing, plaintiff, TANIA GALARZA, has been damaged in a sum that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, and is entitled to attorneys' fees.

**WHEREFORE**, plaintiff demands judgment against the defendant on the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action, for money damages

which exceed the jurisdiction of all lower courts, which would otherwise have jurisdiction, and which are fair and reasonable, together with the applicable interest, costs, and disbursements of these actions, with attorneys' fees where applicable.

                                                  LUTFY & SANTORA
                                                  Attorneys for Plaintiff

By: _____
                                                  JAMES L. LUTFY
                                                  Office & P.O. Address
                                                  1405 Clove Road
                                                  Staten Island, New York 10301
                                                  (718) 442-2272

## ATTORNEY'S VERIFICATION

**JAMES L. LUTFY,** an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following under the penalty of perjury:

I am associated with the law firm of LUTFY & SANTORA, attorneys for the plaintiff in the within action; that I have read the foregoing **C O M P L A I N T** and know the contents thereof; that the same is true to my own knowledge, except matters alleged upon information and belief, and that as to those matters I believe them to be true.

**AFFIRMANT** further says that the reason this verification is made by your affirmant and not by the plaintiff is that the said plaintiff is not currently in the County of Richmond where your affirmant has his office. The source of your affirmant's information and belief are in the investigation of the case, reports and information in the file.

_____
JAMES L. LUTFY

Affirmed the 15th day of September, 2021.

**LUTFY & SANTORA** * 1405 CLOVE ROAD * STATEN ISLAND, NEW JERSEY 10301

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
TANIA GALARZA,

                        Plaintiff,

-against-

SMILEDIRECTCLUB, LLC, HEALTHCARE FINANCE DIRECT, LLC, PERIODONTAL SPECIALISTS, INC., and ERIC GUIRGUIS, D.D.S.,

                        Defendants.
------------------------------------------------------------------------X

**CERTIFICATE OF MERIT**

Index No:

Date Filed:

      JAMES L. LUTFY, an attorney duly admitted to practice law in the Courts of the State of New York, and a member of LUTFY & SANTORA, attorneys for plaintiff herein, affirms the following statement to be true under the penalty of perjury, pursuant to CPLR 2106:

      Your affirmant has reviewed the facts of the above action and consulted with a dentist licensed to practice dentistry, whom your affirmant reasonably believes is knowledgeable in the relevant issues involved in the within action. Based on said review and consultation, your affirmant has concluded that there is a reasonable basis for the commencement of the within action. The plaintiff also will assert the doctrine of res ipsa loquitur.

                                                      _/s/ James Lutfy_
                                                      JAMES L. LUTFY

Affirmed the 15th day of September, 2021.