JAMES L. LUTFY*
JOSEPH SANTORA

ASSOCIATE
JOSEPH J. SANTORA

PATRICIA WENDELL
PARALEGAL

*ADMITTED IN NY & NJ

## LUTFY & SANTORA
ATTORNEYS AT LAW
1405 CLOVE ROAD
STATEN ISLAND, NEW YORK 10301

(718) 442-2272
FACSIMILE: (718) 442-1939

EMAIL: LS@LANDSLAW.NET

NJ OFFICE
745 COLONIAL AVENUE
UNION, NJ 07083
(609) 342-0720

PLEASE RESPOND TO NY OFFICE

May 11, 2022

**VIA ECF**

Hon. William F. Kuntz, II
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: Tania Galarza v. SmileDirectClub, LLC, et. al.
        Docket No. 1:21-cv-06958 (WFK)(JRC)
        Letter permission for Motion by Plaintiff

Honorable Sir:

I represent Tania Galarza (the "Plaintiff") against SmileDirectClub, Healthcare Finance Direct, LLC, Periodontal Specialists, Inc., and Eric Guirguis, D.D.S. (collectively, the "Defendants"), in the above-entitled matter. Plaintiff seeks permission from this Court to file a motion to compel discovery and to stay Defendants' motion to dismiss and arbitrate. On April 20, 2022, Plaintiff served Defendants with certain discovery demands, including interrogatories and requests to produce, and without seeking a protective order, Defendants' counsel has stated in unequivocal terms that he will not be responding to any discovery.

Plaintiff commenced this action against the Defendants in Supreme Court, Kings County on September 15, 2021 by filing the Summons, Complaint and Certificate of Merit. The action was thereafter transferred to this Court by application of the defendants through removal, pursuant to 28 U.S.C. § 1446. Rather than answer, on April 8, 2022 (ECF No. 11), by letter, Defendants have informed this Court that they intend to move to dismiss plaintiff's complaint and compel plaintiff to seek redress through arbitration. On April 11, 2022, the Court entered an Order (ECF No. 12), requiring that Defendants file their motion to dismiss and compel arbitration by May 11, 2022. In addition, pursuant to the Court's order, Plaintiff must file a response by June 8, 2022, and Defendants must file a reply by June 29, 2022.

Plaintiff is a 51 year old woman, who went to Smile Direct Club's office to have her teeth straightened, as Smile Direct offered a service to straighten teeth with clear aligner therapy. Smile Direct, in its literature, enticed the Plaintiff and others to purchase its services by saying its treatment "absolutely works." "[O]ur network of state-licensed doctors can treat more patients, more accurately predict tooth movements, and better visualize our Club members' results. During

treatment, we're with you every step of the way[.]" Among other things, Plaintiff claims that, as a result of the Defendants' negligence, improper treatment, and false representations, she has an open bite and has lost bone necessary for the support of her four upper anterior and four lower anterior teeth, which she may need to have extracted,

On April 20, 2022, my office served notices and demands for discovery to Defendants. These requests included demands related to Plaintiff's dental treatment and the arbitration agreement at issue. After good faith attempts to reach a resolution on these discovery issues. Defense counsel asserted that he will not respond to any of plaintiff's notices and demands under any circumstance. Defendants' assertion is essentially that, because they are seeking that the Court compel arbitration, they are not required to respond to any of Plaintiff's discovery demands.

Plaintiff's response is two-fold. First, (1) Defendants admit that not all of the individual Defendants are part of the arbitration agreement; within the April 8, 2022 letter, Defense counsel admits that Healthcare Finance Direct, LLC was not a party to the arbitration agreement. As such, Defendants' motion falls under the general rule that a motion to dismiss does not stay discovery. *See Moran v. Flaherty*, No. 92 CIV. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992); *see also Usov v. Lazar*, No. 13 CIV. 818 RWS, 2013 WL 3199652, at *9 (S.D.N.Y. June 25, 2013) ("Defendants are incorrect, though, that discovery must automatically be stayed pending a motion to dismiss."); *In re WRT Energy Sec. Litig.*, No. 96 CIV. 3610 (JFK), 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) ("While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic.").

Second, (2) Plaintiff argues that, **at minimum**, she is entitled to responses to the discovery requests that are related to the arbitration agreement. It is the Plaintiff's position that she did not knowingly agree to the arbitration agreement at issue, and this is a factual issue that the Court must determine. The Second Circuit has provided the standard for a district court to decide a motion to compel arbitration in *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016) when it held:

> "In deciding motions to compel [arbitration], courts apply a standard similar to that applicable for a motion for summary judgment. The summary judgment standard requires a court to consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." *Id.* at 229 (citations and quotations omitted).

> "In sum, when it is apparent–on the face of the complaint and documents properly incorporated therein–that claims are subject to arbitration, a district court may dismiss in favor of arbitration without the delay of discovery . . . If, however, there is a dispute as to the relevance, authenticity, or accuracy of the documents relied upon, the district court may not dismiss the complaint with those materials in mind. If the district court is going to rely on the extrinsic materials, the proper course is to convert the motion to a motion for summary judgment dismissing the case in favor of arbitration, after providing notice to the parties and an opportunity to be heard." *Id.* at 231 (citations omitted).

Accordingly, because the enforceability of the arbitration agreement is both a factual and legal issue, the Court should permit discovery on this issue, at minimum.

Plaintiff would submit that the purpose of discovery is to ascertain the truth and narrow the issues for trial. Plaintiff contends that she needs discovery on the issues relating to propriety of defendants' "arbitration agreement." For example, the defense will not identity the names of the defendants' agents who had contact with the plaintiff; it will not disclose clinical notes relating to the plaintiff's treatment by the defendants; it will not disclose plaintiff's statements; it will not identity all of the dentists who "treated" the plaintiff. Plaintiff claims she never spoke to or saw the dentist during her alleged treatment with clear aligner therapy. In fact, one of the defendants who allegedly treated plaintiff, Dr. Eric Guirguis, is not an orthodontist: he is a periodontist.

Therefore, Plaintiff asks this Court for permission to make a motion to compel discovery and to stay the Defendants' motion to dismiss and compel arbitration.

My office has sent e-mails to defense counsel asking for discovery. Defense counsel has refused to consent to discovery. Moreover, on Monday May 8, 2022, I left two phone messages for Sean Meluney to call me on this matter: he has not returned my calls. Plaintiff contends that she has made a good faith effort to resolve this discovery dispute.

Respectfully submitted,

JAMES L. LUTFY

JLL/pw
cc: Benesch, Friedlander, Coplan & Aronoff LLP
    Attorneys for Defendants
    Attn: Sean Meluney, Esq.
    VIA ECF